CUDAHY, Circuit Judge,
concurring in part and concurring in the judgment.
With respect to the issue of Fair Labor Standards Act (FLSA) coverage, I believe that there is sufficient evidence to avoid a judgment for the defendants as a matter of law. Specifically, Chance Felling’s testimony contains an admission against his interest, as the owner of Felling Hotels, that the company could have had revenues exceeding $500,000. He was probably the most authoritative witness on the subject of the company’s income, and the fact that his testimony was somewhat equivocal should fall by the wayside when the evidence is viewed in the light most favorable *748 to the plaintiff. See Cooper v. Carl A. Nelson & Co., 211 F.3d 1008, 1017 (7th Cir.2000). However, as the majority points out, Felling Hotels is not a named defendant, and there is no explanation how its potential liability under the FLSA is connected to the liability of the defendants that are named in this suit. I therefore join the judgment of affirmance.